NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMILIANA EDELIA BATEN ROSAS; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-71288 <br><br> Agency Nos.    A203-602-431 <br> A203-602-432 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021[**]

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Emiliana Edelia Baten Rosas[1] and her son, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' order

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]       Although petitioner's name appears as "Baten Rosas" in the Petition for Review and Answering Brief, the agency decisions, Notice to Appear, and I-589 application show her name as "Baten-Rojas."

dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

In their opening brief, petitioners do not challenge the agency's dispositive determination that they failed to establish that they were or would be persecuted on account of a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). To the extent petitioners raise a new social group for the first time in their opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

20-71288